# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORY DARNELL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-1177-HE |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Cory Darnell Smith brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.[1] United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b) and Rule

---

[1] Plaintiff initially also applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. R. 121-22. Plaintiff's initial alleged onset date was June 29, 2000, and his date last insured was June 30, 2003. R. 136. Plaintiff's DIB application was denied initially and upon reconsideration. R. 59, 61, 67-70, 73-76. The record reflects that, at the 2009 hearing, Plaintiff amended his alleged onset date to April 19, 2007, a date after his date last insured, and "effectively asked to withdraw his request for hearing on his Title II claim." See R. 13, 56, 282, 348. As reflected in the 2009 ALJ determination, Plaintiff's request for hearing was dismissed as to the DIB application, and the SSA's denial of DIB upon reconsideration of December 5, 2007, remained in effect. See R. 13, 282. As reflected in the 2013 ALJ determination, Plaintiff's "Title II application was dismissed due to the amendment of the alleged onset date to April 19, 2007." R. 284. Plaintiff does not challenge this latter conclusion on appeal.

72(b) of the Federal Rules of Civil Procedure. The Commissioner has answered and filed the administrative record (Doc. No. 12, hereinafter "R.__"). The parties have briefed their positions, and the case is now ready for decision. For the reasons set forth below, the undersigned recommends that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

Plaintiff protectively filed his application for SSI benefits on April 19, 2007, alleging an amended onset date of April 19, 2007. R. 13, 56, 123-25, 136; *see also supra* note 1. Following denial of his application initially and on reconsideration, Plaintiff requested and appeared, along with a nonattorney representative, at a hearing before an Administrative Law Judge ("ALJ"). R. 23-58 (February 10, 2009 hearing), 63-66, 77-79, 87. The ALJ issued an unfavorable decision on July 29, 2009. R. 13-21. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 5-8; *see* 20 C.F.R. § 416.1481. Plaintiff appealed, and Judge Heaton ordered that the Commissioner's decision be reversed and remanded for further proceedings consistent with Magistrate Judge Valerie K. Couch's Report and Recommendation. *See Smith v. Astrue*, No. CIV-10-1372-HE, 2012 WL 2245035 (W.D. Okla. June 14, 2012); R. 348-55. Accordingly, the Appeals Council remanded the case to an ALJ "for further proceedings consistent with the order of the court" and to offer an opportunity for a hearing, ensure completion of the administrative record, and issue a new decision. R. 356-59.

On remand, Plaintiff appeared, along with his nonattorney representative, at a hearing before a different ALJ. R. 304-28 (January 16, 2013 hearing). This ALJ issued

an unfavorable decision on April 24, 2013. R. 282-95. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 258-61; *see* 20 C.F.R. § 416.1481. This action for judicial review followed.

## ADMINISTRATIVE DECISION

The Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. Upon remand, the ALJ, at step one, found that Plaintiff had not engaged in substantial gainful activity since April 19, 2007, his alleged disability onset date. R. 284; *see* 20 C.F.R. § 416.971. At step two, the ALJ determined that Plaintiff had the severe impairments of "congenital heart disease status with aortic insufficiency post multiple surgeries; disc syndrome of the lumbar spine; anxiety; and depression." R. 285-87; *see* 20 C.F.R. § 416.920(c). At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 287; *see* 20 C.F.R. § 416.920(d).

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his impairments. R. 287-94; *see* 20 C.F.R. § 416.920(a)(4)(iv). The ALJ found that Plaintiff had the RFC to:

> lift and carry 10 pounds occasionally and less than 10 pounds frequently. [Plaintiff] can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. [Plaintiff] can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] cannot climb ladders, ropes, or scaffolds.

> [Plaintiff] can respond appropriately to supervisors, co-workers, and usual work situations, but have no contact with the general public.

R. 287; *see* 20 C.F.R. § 416.967(a) (defining "sedentary work"). At step four, the ALJ found that Plaintiff had no past relevant work. R. 294; *see* 20 C.F.R. § 416.965.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. Taking into consideration testimony provided by a vocational expert at the hearing, the ALJ concluded that Plaintiff could perform occupations such as jewelry changer, machine tender, and addresser, and that those sedentary, unskilled occupations all offer jobs that exist in significant numbers in the national economy. R. 294-95; *see* 20 C.F.R. § 416.945(a)(5)(ii). On that basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from April 19, 2007, though the date of the decision. R. 295; *see* 20 C.F.R. § 416.920(g).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a

mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence that may undercut or detract from the ALJ's findings, to determine if the substantiality test has been met. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff contends that the ALJ did not properly evaluate the opinions and Medical Source Statement provided by Bryan Perry, M.D., Plaintiff's treating cardiologist. Pl.'s Br., Doc. No. 18, at 3. Plaintiff argues that this failure violated both the treating physician rule and the instructions of the district court upon remand. *Id*. at 9-12. The undersigned disagrees.

By regulation, a treating physician's medical opinion generally is given "more weight" than that of a nontreating source. 20 C.F.R. § 416.927(c)(1)-(2); *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). Under Tenth Circuit authority, the evaluation of a treating physician's opinion follows a two-step procedure. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). First, the ALJ must determine whether the treating physician's opinion should be given "controlling weight" on the matter to which it relates. *See id*. at 1300; 20 C.F.R. § 416.927(a)(2), (c)(2). The opinion of a treating physician must be given controlling weight if it is *both* well supported by

5

medically acceptable clinical or laboratory diagnostic techniques *and* not inconsistent with other substantial evidence in the record. *Watkins*, 350 F.3d at 1300 (applying SSR 96–2p, 1996 WL 374188, at *2 (July 2, 1996)); 20 C.F.R. § 416.927(c)(2).

Second, if the ALJ has determined that the medical opinion of a treating physician is not entitled to controlling weight, the ALJ must determine what lesser weight should be afforded the opinion. *See Watkins*, 350 F.3d at 1300-01; *Langley*, 373 F.3d at 1121. A treating physician opinion not afforded controlling weight is still entitled to deference. *See Watkins*, 350 F.3d at 1300. "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96–2p, 1996 WL 374188, at *4. This determination should be made in view of a prescribed set of regulatory factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301 (internal quotation marks omitted); 20 C.F.R. § 416.927(c)(2)-(6).

The ALJ is also obligated to clearly state what weight is being given to a treating physician's opinion and the ALJ's reasons for the determination. *Watkins*, 350 F.3d at 1301. The ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the

reasons for that weight.'" *Id.* at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5). If an ALJ rejects a treating source opinion altogether, he or she "must then give specific, legitimate reasons for doing so." *Watkins*, 350 F.3d at 1301 (internal quotation marks omitted).

In his decision, the ALJ provided the precise weights he gave to each of Dr. Perry's opinions and to his Medical Source Statement, as well as the reasons for each weight assigned. *See* R. 292-93. Specifically, the ALJ stated that he assigned "some weight" to Dr. Perry's June 8, 2012, opinion that Plaintiff "[o]bviously . . . is not a good candidate to do any significant physical exertion at work," because that opinion was "consistent with the less than sedentary [RFC] provided herein." R. 292; *see* R. 666-67. Further, the ALJ stated that he assigned "minimal weight" to Dr. Perry's October 9, 2012, Medical Source Statement because it was "inconsistent with Dr. Perry's treatment records." R. 293; *see* R. 626-29. The ALJ then detailed the treatment records he found to be inconsistent with the Medical Source Statement. R. 293; *see* R. 615-19, 630-34. Finally, the ALJ stated that he assigned "little weight" to Dr. Perry's April 7, 2009, opinion that Plaintiff's "ability to exert himself is going to be very limited and agree with his attempt to obtain disability and social security," and to Dr. Perry's January 12, 2010, opinion that Plaintiff was "not a very good candidate to be exerting himself . . . as it would be contraindicated for him, and I do agree that he should probably try and seek some type of disability as he cannot overexert himself." R. 293; R. 252-57. The ALJ found that these opinions were "inconsistent with the treatment records" and provided specific examples of treatment records that he found to be inconsistent. R. 293; *see* R.

7

220-27.  The ALJ also found that Plaintiff's "activities of daily living exceed[ed] the reported limitations."  R. 293.

Plaintiff criticizes the ALJ for not initially and separately articulating his findings with respect to the first inquiry in the two-step procedure—namely, whether Dr. Perry's opinions should be given controlling weight.  Such findings, however, are implicit in the ALJ's discussion of the specific weights that he assigned Dr. Perry's opinions.  *See Tarpley v. Colvin*, No. 14-1110, 2015 WL 451237, at *2 (10th Cir. Feb. 4, 2015) (finding "any imaginable oversight" to be "clearly harmless" when ALJ did not expressly say he was not affording treating physicians' opinions controlling weight but explained that they were entitled to no weight because they were inconsistent with the medical records and there was substantial evidence to support that decision).  *See generally Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) ("[C]ommon sense, not technical perfection, is our guide.").  As detailed above, the ALJ stated the lesser (i.e., noncontrolling) weight assigned to Dr. Perry's opinions and explained that the opinions were inconsistent with other substantial evidence.  *See* R. 292-93.  The ALJ's discussion of the second part of the inquiry—what weight should be given the treating physician's opinions and why—sufficiently explains the ALJ's decision to not assign Dr. Perry's opinions controlling weight and the reason why.  *See* R. 291-93; *Kruse v. Astrue*, 436 F. App'x 879, 883 (10th Cir. 2011) (accepting ALJ's evaluation of treating physician's

opinion when ALJ did not state specific weight he gave opinion but it was "readily apparent from the ALJ's rationale").[2]

Plaintiff also criticizes the weights the ALJ assigned to Dr. Perry's opinions in the second part of the two-step procedure, arguing that such determinations were insufficiently explained and inconsistent with the totality of the evidence. *See* Pl.'s Br. at 11-12. An ALJ's findings in this regard must be "sufficiently specific to make clear to any subsequent reviewers the weight he gave to the treating source's medical opinion and the reason for that weight." *Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011) (alteration and internal quotation marks omitted). An ALJ need not explicitly discuss every factor set forth in 20 C.F.R. § 416.927(c) because "'not every factor for weighing opinion evidence will apply in every case.'" *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (alteration omitted) (quoting SSR 06-3p, 2006 WL 2329939, at *5 (Aug. 9, 2006)).

Here, the ALJ's analysis of Dr. Perry's opinions is sufficiently clear to show the reasons that he assigned them "little" to "some" weight—primarily, that the ALJ found Dr. Perry's opinions to be inconsistent with Plaintiff's treatment records. *See* R. 293;

---

[2] As in *Tarpley*, to the extent it was error for the ALJ to fail to explicitly state that he was not giving Dr. Perry's opinions and Medical Source Statement controlling weight, such error was "clearly harmless." *See Tarpley*, 2015 WL 451237, at *2. A reviewing court "may employ a harmless-error analysis sua sponte on appeal where, as here, the record is not overly long or complex, harmlessness is not fairly debatable, and reversal would result in futile and costly proceedings." *Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013) (citing *Wyoming v. Livingston*, 443 F.3d 1211, 1226 (10th Cir. 2006)). Because the evidence in this case does not support giving Dr. Perry's opinions controlling weight, the undersigned finds any error harmless and, therefore, that remand would be futile.

9

*Beasley v. Colvin*, 520 F. App'x 748, 751-52 (10th Cir. 2013) (holding that the ALJ "gave good reasons for the weight he assigned [the treating physician's] opinion," including that the physician's finding of limitations was inconsistent with treatment records). Inconsistency with the record as a whole is a legitimate reason for discounting a treating physician's opinion. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("In determining the weight to be given an opinion, the ALJ must consider the consistency between that opinion and the record as a whole."); *Tarpley*, 2015 WL 451237, at *1 (finding no error when ALJ gave treating physicians' opinions no weight because the medical evidence did not support the limitations suggested by physicians); *Kilinski ex rel. Kilinski v. Astrue*, 430 F. App'x 732, 740 (10th Cir. 2011) (finding no error when ALJ gave treating physician's opinion no weight because the medical evidence did not support opinion that claimant suffered debilitating symptoms). "Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." 20 C.F.R. § 416.927(c)(4).

The undersigned "must affirm an ALJ's decision if substantial evidence—'more than a scintilla, but less than a preponderance'—exists to support it." *Tarpley*, 2015 WL 451237, at *1 (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). The ALJ's discussion of the medical evidence, and specifically of Dr. Perry's opinions, has not been shown to be unsupported by the record as a whole. As detailed above, the ALJ documented and considered Dr. Perry's opinions vis-à-vis the medical evidence and cited evidence that was inconsistent with those opinions. The undersigned will not "reweigh

the evidence or substitute [the Court's] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

On Plaintiff's first appeal, the unfavorable disability determination was reversed because the ALJ's decision failed to reflect that the ALJ had fully considered Dr. Perry's opinion and had followed the requisite steps in determining the weight to assign to that opinion. *See Smith*, 2012 WL 2245035, at *1; R. 352-54, 358. As outlined above, the ALJ's 2013 decision offers a proper evaluation of the medical opinions of Dr. Perry and a proper explanation of that evaluation. Thus, the Commissioner did not fail to comply, upon remand, with the directive of this Court and the Appeals Council. *See generally* 20 C.F.R. § 416.1477(b) ("The [ALJ] shall take any action that is ordered by the Appeals Council . . . ."). Reversal is not warranted on this basis.

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by March 9, 2015. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 23rd day of February, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE